**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMIE A. BENTLEY,
Plaintiff-Appellant,

v.

No. 96-1782

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CA-95-98-4-T)

Submitted: February 28, 1997

Decided: May 8, 1997

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Alan LeCroy, DANIEL & LECROY, P.A., Morganton, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Clifford C. Marshall, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmie A. Bentley appeals the district court's order affirming the Commissioner's final decision to deny his claim for a period of disability and disability insurance benefits. Bentley sought benefits from August 9, 1985, through December 31, 1992, when he last met the disability insurance requirements. The administrative law judge (ALJ) found that Bentley engaged in substantial gainful activity from January 1987 through October 1988, and was not disabled during the period. The ALJ also concluded that, although Bentley was unable to perform his past relevant work, he was able to do unskilled work at the medium exertional level with certain restrictions. Therefore, he was not disabled during the remainder of the period at issue. The Appeals Council declined review, and the district court affirmed the Commissioner on the recommendation of the magistrate judge.

Bentley argues on appeal that the decision of the ALJ was internally inconsistent and in conflict with agency regulations and procedures. This Court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Commissioner, provided that substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

The ALJ found that Bentley could not perform "an entirely normal range of work and non-work activities consistent with his education, his work history, and his socio-economic status," because he might have significant deficiencies of pace, concentration, or persistence.

2

But the ALJ concluded that Bentley could perform simple, routine and repetitive tasks, which do not require judgment in ordering the subparts of the job, with no responsibility for the work of others, and with a very narrow range of possible variations. Bentley argues that any job requires persistence, concentration, and pace; that his past jobs were not particularly skilled, and that if he cannot satisfactorily perform those jobs then he is disabled for any job.

Contrary to Bentley's argument, however, we conclude that the ALJ fully considered the regulations and rulings in question in determining Bentley's capabilities. He found Bentley limited to work of a medium exertional nature that did not expose him to hazardous situations from March to December 1986 and November 1988 to December 1992. In addition, the ALJ found him limited to unskilled work of a simple, routine and repetitive nature from November 1, 1988 to December 31, 1992. His conclusion that Bentley had the concentration, perseverance and pace to perform this type of work does not conflict with his finding that Bentley did not have the ability to perform his past work as a machine operator in the furniture industry or an industrial cleaner or construction worker.

The ALJ made a thorough evaluation of the evidence, and we conclude that the Commissioner's decision is supported by substantial evidence and was based on the correct legal standards. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3